MAGNOLIA FARMERS ELEVATOR CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6853.   Promulgated March 25, 1930.

*John O. Loeffler, Esq.,* for the petitioner.
*F. R. Shearer, Esq.,* for the respondent.

392

## OPINION.

TRUSSELL: The petitioner has contested its liability to the deficiencies asserted against it upon the one ground that it was being assessed a tax upon monies received during the taxable period from the sale of corn which it had not purchased and did not then own. The testimony establishes that during the months of March to June, inclusive, 1920, the petitioner sold not less than 6,686 bushels of corn and, at the market prices prevailing on the day of sale, received payment therefor and deposited the amounts received in its account with its local bank. Upon the testimony it may be taken as accepted that it sold enough more stored corn which it did not own to make up the total of 7,428 bushels claimed in its petition and as shown by its inventory sheet of June 30, 1920, and that it deposited in its accounts at the bank the sum of $11,886.10 as received from such sales and that its books and balance sheet showed no liability to the farmers

who actually owned such corn on June 30, 1920. On the other hand, the trading statement attached to the petitioner's return for the 13 months ended June 30, 1920, shows conclusively that the said sum of $11,886.10 was eliminated from the total of corn sales reported in said return and was then treated as an item of deferred income and that the said amount has not been added to or restored to gross income for periods under review by the respondent. There seems to be no doubt that both the petitioner and the respondent have treated funds received from the short sales of corn as deferred income and petitioner's liability to the farmers owning the corn as a deferred liability, although the latter did not appear upon petitioner's books nor on his balance sheets.

The substantial change which the respondent made in the petitioner's accounting and in its income-tax return was the elimination of the deduction for net loss sustained in the fiscal year ended May 31, 1919, and it is this elimination which has caused the deficiencies asserted by the respondent. Neither in its petition nor at the trial has petitioner undertaken to question the elimination of this net loss deduction and it is clear that the petitioner could not properly claim such deduction for the reason that the fiscal period during which it was sustained began on June 1, 1918, and ended on May 31, 1919, a period which is not included in the provisions of section 204 (b) of the Revenue Act of 1918.

No issue has been raised in respect of any other possible errors in the return made by the petitioner for the 13 months ended June 30, 1920, and we, therefore, reach the conclusion that the deficiencies asserted by the respondent must be sustained.

Reviewed by the Board.

*Judgment will be entered for the respondent.*